

**ORDERED in the Southern District of Florida on August 20, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

HECTOR O. CASTELLON and           Case No.  12-14348-BKC-AJC
MAIRA E. CASTELLON,               Chapter 7

     Debtors.
_____/

### ORDER GRANTING TOTALBANK'S MOTION
### TO RECOGNIZE INFORMAL PROOF OF CLAIM [ECF No. 208]

THIS MATTER came before the Court on July 30, 2013, at 10:30 a.m. ("Hearing") on TotalBank's *Motion to Recognize Informal Proof of Claim* ("Motion") [ECF No. 208].  The Court considered the arguments of counsel on the record at the Hearing, reviewed the Motion and the opposition filed by REPH V, LLC [ECF No. 228], and reviewed the record in this case. For the reasons set forth below, the Court concludes that the totality of TotalBank's actions in this case constitute the filing of an informal proof of claim in this case that should be recognized as timely filed.

**Background**

Prior to filing for bankruptcy, Hector O. Castellon and Maira E. Castellon (the "Debtors") executed guaranty agreements in favor of TotalBank in connection with three loans made to two non-debtor entities. When the non-debtor entities defaulted on the underlying loans, TotalBank initiated actions in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *TotalBank v. 99 & 68, Inc., et al.*, Case No. 11-01253 CA 03, and *Galloway Sunset Estates, Inc., et al., v. TotalBank*, Case No. 09-47087 CA 01 (27) ("State Court Actions"). The State Court Actions sought to (a) foreclose on the collateral securing the underlying debt obligations, and (b) enforce the guaranty obligations of the Debtors.

While the State Court Actions were pending, but prior to judgment being entered, the Debtors filed a voluntary joint petition seeking relief under Chapter 7 of the Bankruptcy Code on February 23, 2012 (the "Petition Date"). *See* ECF No. 1. The Debtors' obligations to TotalBank are listed on Schedule D of the amended schedules. *See* ECF No. 28, page12. Notably, TotalBank is listed as having a significant unsecured deficiency claim.

In this bankruptcy case, Maria Yip was appointed as chapter 7 trustee ("Trustee"), and conducted the first § 341 meeting of creditors ("Initial 341 Meeting") on March 23, 2012. Counsel for TotalBank appeared at the Initial 341 Meeting and participated in questioning the Debtors regarding their schedules of assets and liabilities. Based, in part, on TotalBank's participation, the Trustee continued the meeting to April 11, 2012 (the "Continued 341 Meeting," and together with the Initial 341 Meeting, the "341 Meetings") and asked the Debtors to provide additional disclosures and documents. Counsel for TotalBank appeared at the Continued 341 Meeting and inquired, again, of the assets and liabilities listed on the schedules. TotalBank was the only creditor represented at the Continued 341 Meeting.

Thereafter, on April 30, 2012, the Trustee issued a Notice of Deadline to File Claims for July 31, 2012 (the "Bar Date"). TotalBank did not file a formal proof of claim by the Bar Date. However, on May 1, 2012, prior to the expiration of the Bar Date, TotalBank filed a *Motion for Relief from the Automatic Stay* ("Stay Relief Motion") [ECF No. 44]. The Stay Relief Motion sought to proceed with State Court Actions against the non-debtor entities, *in rem*, and *in personam* through eviction of the Debtors. TotalBank did not seek relief from the automatic stay to liquidate its deficiency claim against the Debtors. The Stay Relief Motion did, however, (a) describe the nature and extent of the guaranty obligations of the Debtors, (b) reference the State Court Actions by case name and case number, (c) reference the Debtors' schedules as evidence that it was undersecured, and (d) reserve TotalBank's rights to dispute the Debtors' valuation of TotalBank's collateral and the underlying debt obligations in the Debtors' schedules. The Stay Relief Motion was granted on May 23, 2012 without opposition. *See* ECF No. 67.

On May 21, 2013, TotalBank filed its Motion seeking an order from this Court recognizing its informal claim in this case. The Motion does not seek a ruling as to the validity of the claim, or to have the claim liquidated in an amount certain. It only seeks to be recognized as timely filed. The Court set the matter for hearing on June 11, 2013, which was continued to July 22, 2013 based upon the agreement of TotalBank and the Trustee, and then continued again, unilaterally by the Court, to July 30, 2013.

On July 29, 2013, REPH V, LLC filed its *Response in Opposition to TotalBank's Motion* ("Response") [ECF No. 228]. The Response states: (1) the Stay Relief Motion does not identify the amount of TotalBank's claim; (2) the Stay Relief Motion does not "apprise the Court of the existence and nature of the claims" of TotalBank; and (3) the Stay Relief Motion does not express an intent to assert a deficiency claim.

The Court notes that, to date, there have been no objections to claims filed in this case and there have been no distributions to unsecured creditors.

At the Hearing, the Court requested further briefing and proposed orders. The Court has reviewed the parties' submissions and based upon the record before the Court, grants the Motion.

### Conclusions of Law

The Court of Appeals for the Eleventh Circuit has specifically adopted the informal proof of claim doctrine. *See In re Charter Co.*, 876 F.2d 861 (11th Cir. 1989). It is an equitable remedy that, as this court has previously noted, is intended "to alleviate problems with form over substance; that is, [to] equitably prevent the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a proof of claim." *In re L. Meyer & Son Seafood Corp.*, 188 B.R. 315, 319 (Bankr. S.D. Fla. 1995). It is against this equitable backdrop that the Court examines the informal proof of claim doctrine. Based on the equities here, the Court concludes that TotalBank's actions, through counsel, in this case amount to an informal proof of claim.

#### A. Legal Standard

According to controlling precedent, to constitute an informal proof of claim, the creditor must file a formal pleading that "apprise[s] the court of the existence, nature and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim." *Charter,* 876 F.2d at 863-64 (citing *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986)); *accord In the Matter of Nikoloutsos*, 199 B.R. 233 (5th Cir. 2000).

### B. Nature and Extent of TotalBank's Claim against the Debtors

The Stay Relief Motion meets the first part of the informal proof of claim test because it "apprised the bankruptcy court of the existence and nature of the claims." *Charter*, 876 F.2d at 864. The Stay Relief Motion clearly, and unambiguously, identifies TotalBank as a creditor of the bankruptcy estate. *See* Stay Relief Motion, pg. 1. It describes, with sufficient detail: (a) the loan transactions with the non-debtors, *id*. at ¶ 1; (b) the guaranty obligations of the Debtors, *id*. at ¶¶ 5 and 14; (c) the underlying collateral, *id*. at ¶¶ 1 and 6; (d) the amount of the scheduled debts in relation to the collateral, indicating there was a potential unsecured deficiency claim, *id*. at ¶ 7; and (e) the State Court Actions to foreclose on the collateral and enforce the guaranties, *id*. at ¶¶ 4 n. 2 and 13. Had counsel for TotalBank filed a formal proof of claim and included the substance of the Stay Relief Motion, such proof of claim would provide sufficient notice of the existence and nature of TotalBank's unsecured deficiency claim against the estate.

Although, as RFPH V, LLC argues, TotalBank did not identify the exact amount of its claim in the Stay Relief Motion, such deficiency should not preclude the allowance of the claim as timely. At the time the Stay Relief Motion was filed, the collateral securing the underlying debt had yet to be liquidated. Therefore, the amount of TotalBank's deficiency claim against the estate was unascertainable. *See Charter*, 876 F.2d at 863-64 (noting that an informal proof of claim must identify the amount of the claim only "if ascertainable").

### C. TotalBank's Intent to Hold the Estate Liable

The second prong of the informal proof of claim doctrine requires the claimant to "make clear [it]'s intention to hold the debtor liable for the claim." *Id*. at 863. Pre-petition, TotalBank filed the State Court Actions seeking to enforce the guaranty obligations against the Debtors. The Stay Relief Motion describes the State Court Actions and the counts to enforce the guaranty

5

obligations, and although it does not seek stay relief to liquidate those claims in state court, it identifies TotalBank as a creditor of the estate, expecting to participate in any recoveries. *See* Stay Relief Motion, pg. 1. Moreover, and perhaps the most compelling evidence of TotalBank's intent to hold the estate liable, TotalBank specifically reserved its right to dispute the Debtors' valuation of the collateral and the amount of its debt in the Stay Relief Motion. *Id*. at ¶ 7 n. 4. As the Eleventh Circuit noted in *Charter*, "such explicit preservation of the claimants' rights would be unnecessary unless they intended to pursue their claims." *Charter*, 876 F.2d at 864-65. Here, the Court concludes that TotalBank would not have reserved its rights to dispute the Debtors' valuation of the collateral and the amount of TotalBank's debt if it did not intend to hold the estate liable for its unsecured deficiency claims.

The Eleventh Circuit has instructed courts to "examine the other documents and actions of the claimants" for evidence of claimants intent to hold the estate liable. *Id*. at 874 (citing *In re International Horizons, Inc*., 751 F.2d 1213, 1218 (11th Cir. 1985). Here, counsel for TotalBank was present at both 341 Meetings, that it was the only creditor's counsel present at the Continued 341 Meeting, and that counsel actively participated in the 341 Meetings, inquiring as to the assets and liabilities listed in the Debtors' schedules and statement of financial affairs. The Court finds that this level of participation, coupled with TotalBank's reservation of rights in the Stay Relief Motion, clearly and unambiguously evidences TotalBank's intent to hold the estate liable for its unsecured deficiency claim.

By this Order, the Court is only recognizing TotalBank's claim. It is not allowing the claim in any amount. At the Hearing, counsel for Trustee specifically reserved the right to object to the validity and amount of TotalBank's claim. To date, the Trustee has not objected to any claims in this case, has not distributed any money to creditors, and has not brought any

avoidance actions. Thus, recognizing TotalBank's claim will not cause the estate any undue burden or expense.

Therefore, under the facts and circumstances, and considering the equities, the Court concludes that TotalBank's Stay Relief Motion, as well as its participation at the 341 Meetings, incorporates all of the elements required to constitute an informal proof of claim. For all of the foregoing reasons, it is

**ORDERED** and **ADJUDGED** that the Motion is **GRANTED** and TotalBank's informal proof of claim is recognized as timely filed.

###

Submitted by:
Eric J. Silver, Esq.
Stearns Weaver Miller Weissler
 Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:     (305) 789-3395

Copy furnished to:
Eric J. Silver, Esq.

(Attorney Silver is directed to serve a conformed copy of this Order upon all interested parties and file a Certificate of Service.)